## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Apr 01 2020, 9:44 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jill A. Sidorowicz
Noonan & Lieberman, Ltd.
Chicago, Illinois

ATTORNEY FOR APPELLEE

Jon L. Orlosky
Muncie, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| ColFin Bulls Funding A, LLC, <br> *Appellant-Respondent,* <br><br> v. <br><br> GRTN, LLC, <br> *Appellee-Petitioner.* | April 1, 2020 <br><br> Court of Appeals Case No. 19A-TP-2007 <br><br> Appeal from the Porter Circuit Court <br><br> The Honorable Mary R. Harper, Judge <br><br> Trial Court Cause No. 64C01-1710-TP-9802 |

**Friedlander, Senior Judge.**

In November of 2011, MB Financial Bank assigned its mortgage and interest in a property located at 5463 U.S. Highway 6, Portage, Indiana (the "Property") to ColFin Bulls Funding A, LLC ("ColFin"). On November 11, 2011, an assignment of that mortgage was recorded in the Porter County Record of Deeds listing ColFin's principal place of business at "c/o Colony Capital Acquisitions, LLC, 2450 Broadway 6th Floor, Santa Monica, California 90404" (the "Colony Capital Address"). Appellant's App. Vol. II, p. 62.

On October 14, 2016, GRTN, LLC purchased the tax sale certificate to the Property. In April of 2017, GRTN attempted to provide ColFin with notice of the sale prior to filing its petition for a tax deed as required by Indiana Code section 6-1.1-25-4.5 (2016) by sending a notice via certified and first-class mail to the Colony Capital Address. Both notices were returned to GRTN labeled "RETURN TO SENDER ATTEMPTED – NOT KNOWN UNABLE TO FORWARD" and "RETURN TO SENDER NOT DELIVERABLE AS ADDRESSED UNABLE TO FORWARD[,]" respectively. Appellant's App. Vol. II, p. 113.

In October of 2017, GRTN petitioned for a tax deed for the Property. GRTN attempted to provide ColFin with notice of its petition as required by Indiana Code section 6-1.1-25-4.6 (2016) by sending two notices via certified and first-class mail to the Colony Capital Address.[1] Both notices were again returned to

---

[1] Neither notice was required to be sent via first-class mail under Indiana Code sections 6-1.1-25-4.5 or 6-1.1-25-4.6.

GRTN labeled "RETURN TO SENDER ATTEMPTED – NOT KNOWN UNABLE TO FORWARD[.]"  Appellant's App. Vol. II, p. 17.  On December 7, 2017, the trial court ordered the Porter County Auditor to issue a tax deed to GRTN for the Property.  In December 2018, ColFin moved to vacate the tax deed after becoming aware of it from a title report that it had obtained.  On April 1, 2019, the trial court held a hearing on the matter and ultimately denied ColFin's motion on June 18, 2019.  This appeal followed.

[4] ColFin contends that although GRTN provided notice as required under Indiana law[2] via certified mail, it failed, upon learning that said notice was

---

[2] Indiana Code section 6-1.1-25-4.5 provides, in relevant parts, that

> (a) Except as provided in subsection (d), a purchaser or the purchaser's assignee is entitled to a tax deed to the property that was sold only if:
>> […]
>> (3) not later than six (6) months after the date of the sale:
>>> (A) the purchaser or the purchaser's assignee
>> […]
>> gives notice of the sale to the owner of record at the time of the sale and any person with a substantial property interest of public record in the tract or item of real property.
>> […]
> (d) The person required to give the notice under subsection (a), (b), or (c) shall give the notice by sending a copy of the notice by certified mail, return receipt requested, to:
>> […]
>> (2) any person with a substantial property interest of public record at the address for the person included in the public record that indicates the interest.

Indiana Code section 6-1.1-25-4.6 provides, in relevant parts, that

> (a) After the expiration of the redemption period specified in section 4 of this chapter but not later than three (3) months after the expiration of the period of redemption:
>> (1) the purchaser, the purchaser's assignee, the county executive, the county executive's assignee, or the purchaser of the certificate of sale under IC 6-1.1-24-6.1 may
>> […]
> file a verified petition in accordance with subsection (b) in the same court in which the judgment of sale was entered asking the court to direct the county auditor to issue a tax

undeliverable and/or unclaimed, to take additional reasonable steps to effectuate notice as required under the Due Process Clause. "Before a State may take property and sell it for unpaid taxes, the Due Process Clause of the Fourteenth Amendment requires the government to provide the owner notice and opportunity for hearing appropriate to the nature of the case." *Jones v. Flowers*, 547 U.S. 220, 223, 126 S. Ct. 1708, 1712, 164 L. Ed. 2d 415 (2006) (internal quotations omitted). Due process, however, does not entitle the property owner to receive actual notice before the State may take his property. *Id*. Rather, due process requires that the State provide "notice reasonably calculated, under all the circumstances to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id*. at 226, 126 S. Ct. at 1713-14. A mortgagee possesses a substantial property interest that is significantly affected by a tax sale. *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 103 S. Ct. 2706, 77 L. Ed. 2d 180 (1983). "Since a mortgagee clearly has a legally protected property interest, he is entitled to notice reasonably calculated to apprise him of a pending tax sale." *Id*. at 798, 103 S. Ct. at 2711. The United States Supreme Court has concluded that when a mortgagee is identified in the publicly recorded

deed if the real property is not redeemed from the sale. Notice of the filing of this petition shall be given to the same parties as provided in section 4.5 of this chapter, except that, if notice is given by publication, only one (1) publication is required. The notice required by this section is considered sufficient if the notice is sent to the address required by section 4.5(d) of this chapter. Any person owning or having an interest in the tract or item of real property may file a written objection to the petition with the court not later than thirty (30) days after the date the petition was filed. If a written objection is timely filed, the court shall conduct a hearing on the objection. If there is not a written objection that is timely filed, the court may consider the petition without conducting a hearing.

mortgage, constructive notice by publication is not adequate notice but, rather, "must be supplemented by notice that is either mailed to the mortgagee's last known address, or by personal service." *Id*. at 798, 103 S. Ct. at 2711.

[5] ColFin directs our attention to *Jones*, 547 U.S. 220, 126 S. Ct. 1708. In that case, the Court held that "when mailed notice of a tax sale is returned unclaimed, the State must take additional reasonable steps to attempt to provide notice to the property owner before selling his property, if it is practicable to do so." *Id*. at 225, 126 S. Ct. at 1713. Under the circumstances in that case, the Court found additional reasonable steps that were practicable for the State to take, namely, sending notice via regular mail, posting notice on the front door, or addressing otherwise undeliverable mail to "occupant." *Id*. at 234-35, 126 S. Ct. at 1719. The Court, however, did not require the State to search for Jones's new address in the phonebook or in other government records such as income tax rolls as Jones suggested, concluding that that imposed a significant burden on the State compared to the other options it had outlined. *Id.* It is not the courts' function to specify the form of service that the government should adopt, but "if there were no reasonable additional steps the government could have taken upon the unclaimed notice letter, it cannot be faulted for doing nothing." *Id*. at 234, 126 S. Ct. at 1718.

[6] While we believe that *Jones* provides guidance, its circumstances differ from those in this matter. Here, GRTN provided notice via certified mail, satisfying the notice requirements under Indiana law. GRTN also provided additional notice via first-class mail. The fact that GRTN sent the first-class mail notice at

the same time it sent the certified mail notice rather than waiting until the certified mail was returned unclaimed is a distinction without a difference, as it would have been returned undeliverable either way. Moreover, it is undisputed that the Property does not contain a habitable structure, which makes posting notice on a door impracticable, to say the least.

[7] Last, ColFin believes that GRTN should have been required to have "easily, and without undue effort or expense, searched the Delaware Secretary of State's website for ColFin's address. That search would have provided it with a valid registered agent address in which to send notice to ColFin . . . ." Appellant's Br. p. 13. We disagree, finding that process to be similar to searching the phone book or government records, which the United States Supreme Court did not require in *Jones*. By attempting to send ColFin notices via certified and first-class mail, we conclude that GRTN used the practicable and reasonable steps available under these circumstances to effectuate notice and therefore cannot be faulted for doing nothing more. ColFin has failed to establish that it was denied due process.

[8] Judgment affirmed.

Baker, J., and Crone, J., concur.